**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **KELLY PINN, individually and on behalf of all others similarly situated,** )<br>)<br>) | |
| **Plaintiff,** ) | **Civil Action No.  4:24-cv-00266-P** |
| ) | |
| **vs.** ) | |
| ) | |
| **TRANSAMERICA LIFE INSURANCE COMPANY, and LEADS GURU, LLC,** )<br>) | |
| ) | |
| **Defendants.** )<br>) | |

**DEFENDANT TRANSAMERICA'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Transamerica Life Insurance Company ("Transamerica"), by and through its undersigned counsel, files this Answer to Plaintiff's Complaint and would respectfully show the Court the following:

## I.    INTRODUCTION

1.    The allegations in Paragraph 1 call for legal conclusions to which no response is necessary.  To the extent a response is required, Transamerica references the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), which speaks for itself, and denies the remaining allegations in Paragraph 1.

2.    The allegations in Paragraph 2 call for legal conclusions to which no response is necessary.  To the extent a response is required, Transamerica references the TCPA, which speaks for itself, and denies the remaining allegations in Paragraph 2.

3.    The allegations in Paragraph 3 do not require a response.  Further responding to Paragraph 3, Transamerica denies it has violated the TCPA.

4.      The allegations in Paragraph 4 do not require a response.  Further responding to Paragraph 4, Transamerica denies that any illegal telemarketing calls were made by Transamerica or on its behalf.

## II.      PARTIES

5.      Transamerica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore, denies the same.

6.      Responding to Paragraph 6, Transamerica states that it is a corporation organized and existing under the laws of the state of Iowa with its headquarters in Cedar Rapids, Iowa. Transamerica further states in response to Paragraph 6 that it is authorized to engage in the business of insurance in Texas.

7.      Transamerica denies the allegations in Paragraph 7 as allege that it hired, through its agent, Leads Guru, LLC to place illegal telemarketing calls on its behalf.  Transamerica lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7, and therefore, denies the same.

## III.      JURISDICTION AND VENUE

8.      Admitted.

9.      The allegations in Paragraph 9 call for legal conclusions to which no response is necessary.  To the extent a response is required, Transamerica denies the allegations in Paragraph 9.

10.      The allegations of Paragraph 10 call for legal conclusions to which no response is necessary.  To the extent a response is required, Transamerica denies the allegations in Paragraph 10.

2

## IV.    FACTS

### A.    The Enactment of the TCPA and its Regulations

11.    Responding to Paragraph 11, Transamerica references the TCPA, any published legislative history, and the orders and regulations of the FCC and denies any allegations in Paragraph 11 inconsistent therewith.

12.    Responding to Paragraph 12, Transamerica references the TCPA, any published legislative history, and the orders and regulations of the FCC and denies any allegations in Paragraph 12 inconsistent therewith.

13.    Responding to Paragraph 13, Transamerica references the TCPA, any published legislative history, and the orders and regulations of the FCC and denies any allegations in Paragraph 13 inconsistent therewith.

14.    Responding to Paragraph 14, Transamerica references the TCPA, any published legislative history, and the orders and regulations of the FCC and denies any allegations in Paragraph 14 inconsistent therewith.

15.    Responding to Paragraph 15, Transamerica references the TCPA, any published legislative history, and the orders and regulations of the FCC and denies any allegations in Paragraph 15 inconsistent therewith.

### B.    Unsolicited Telemarketing to Plaintiff

16.    Admitted.

17.    Transamerica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore, denies the same.

18.    Transamerica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore, denies the same.

19.     Transamerica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore, denies the same.

20.     Transamerica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore, denies the same.

21.     Transamerica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore, denies the same.

22.     Transamerica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore, denies the same.

23.     Transamerica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore, denies the same.

24.     Transamerica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore, denies the same.

25.     Transamerica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore, denies the same.

26.     Transamerica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore, denies the same.

27.     Transamerica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore, denies the same.

28.     Transamerica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore, denies the same.

29.     Transamerica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore, denies the same.

30.    Responding to Paragraph 30, Transamerica states, upon information and belief, that Plaintiff would have received a life insurance policy from Transamerica accompanied by a copy of Plaintiff's application and that the life insurance policy was subsequently terminated for failure to pay premiums.  Transamerica denies any allegations in Paragraph 30 suggesting that an illegal telemarketing call was made by Transamerica or on its behalf and further denies any allegations in Paragraph 30 inconsistent with the above.

31.    Transamerica admits the allegations in Paragraph 31 insofar as they apply to Transamerica.

32.    Responding to Paragraph 32, Transamerica states that it received communications from Plaintiff regarding the alleged calls.  Transamerica denies any allegations in Paragraph 32 inconsistent with the above.

33.    Transamerica denies the allegations in Paragraph 33.

34.    Responding to Paragraph 34, Transamerica incorporates by reference correspondence from Transamerica to Plaintiff dated January 26, 2024 and February 9, 2024, along with attachments thereto, and denies any allegations inconsistent therewith.

35.    Responding to Paragraph 35, Transamerica incorporates by reference correspondence from Transamerica to Plaintiff dated January 26, 2024 and February 9, 2024, along with attachments thereto, and denies any allegations inconsistent therewith.  Further responding to Paragraph 35, Transamerica denies that it authorized Leads Guru, LLC to act on its behalf.

36.    Transamerica admits only so much of the allegations in Paragraph 36 as allege that an agreement was proposed by Transamerica with Plaintiff and that Plaintiff did not accept the agreement.  Further responding to Paragraph 36, Transamerica states that the agreement is subject to Rule 408 of the Federal Rules of Evidence.   Transamerica also incorporates by reference

correspondence from Transamerica to Plaintiff dated January 26, 2024 and February 9, 2024, along with attachments thereto, and denies any allegations in Paragraph 36 inconsistent therewith.

37.   Responding to Paragraph 37, Transamerica references the cited FCC Order, which speaks for itself, and denies any allegations in Paragraph 37 inconsistent therewith. Further responding to Paragraph 37, Transamerica states that the referenced FCC ruling does not reflect a correct statement of the law.

38.   Responding to Paragraph 38, Transamerica references the Orders and regulations of the FCC and denies any allegations in Paragraph 38 inconsistent therewith. Further responding to Paragraph 38, Transamerica states that the purported FCC ruling does not reflect a correct statement of the law.

39.   Responding to Paragraph 39, Transamerica references the Declaratory Ruling of the FCC cited therein and denies any allegations in Paragraph 39 inconsistent therewith. Further responding to Paragraph 39, Transamerica states that the referenced FCC ruling does not reflect a correct statement of the law.

40.   Responding to Paragraph 40, Transamerica references the Declaratory Ruling of the FCC cited therein and denies any allegations in Paragraph 40 inconsistent therewith. Further responding to Paragraph 40, Transamerica states that the referenced FCC ruling does not reflect a correct statement of the law.

41.   Transamerica denies the allegations in Paragraph 41.

42.   Transamerica denies the allegations in Paragraph 42.

43.   Transamerica denies the allegations in Paragraph 43.

44.   Transamerica denies the allegations in Paragraph 44.

45.   Transamerica denies the allegations in Paragraph 45.

46.     Transamerica denies the allegations in Paragraph 46.

47.     Transamerica denies the allegations in Paragraph 47.

48.     Transamerica denies the allegations in Paragraph 48.

49.     Transamerica denies the allegations in Paragraph 49.

50.     Transamerica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and therefore, denies the same.

51.     Transamerica denies the allegations in Paragraph 51.  Further responding to Paragraph 51, Transamerica states that it never had a relationship with Leads Guru, LLC.

52.     Responding to Paragraph 52, Transamerica states that it never had a relationship with Leads Guru, LLC and, therefore, could not have terminated a relationship with Leads Guru, LLC.  Transamerica denies any allegations in Paragraph 52 inconsistent with the above.

53.     Transamerica denies the allegations in Paragraph 53.

54.     The allegations of Paragraph 54 call for legal conclusions to which no response is necessary.  To the extent a response is required, Transamerica denies the allegations in Paragraph 54.

55.     Transamerica denies the allegations in Paragraph 55.  Further responding to Paragraph 55, Transamerica states that it never had a relationship with Leads Guru, LLC and was unaware of any telephone calls made by Leads Guru, LLC.

56.     Transamerica denies the allegations in Paragraph 56.  Further responding to Paragraph 56, Transamerica states that it never had a relationship with Leads Guru, LLC and was unaware of any telephone calls made by Leads Guru, LLC.

57.     Transamerica denies the allegations in Paragraph 57.

58.     Transamerica denies the allegations in Paragraph 58.

59.     Transamerica denies the allegations in Paragraph 59.

60.     Transamerica denies the allegations in Paragraph 60.

61.     Responding to Paragraph 61, Transamerica references the cited FCC ruling and denies any allegations in Paragraph 61 inconsistent therewith.  Further responding to Paragraph 61, Transamerica states that the referenced FCC ruling does not reflect a correct statement of the law.

62.     Transamerica denies the allegations in Paragraph 62.

63.     Transamerica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and therefore, denies the same.

64.     Transamerica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and therefore, denies the same.

65.     Transamerica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and therefore, denies the same.

66.     Transamerica denies the allegations in Paragraph 66.

**V.      CLASS ACTION ALLEGATIONS**

67.     Responding to Paragraph 67, Transamerica admits that Plaintiff makes class allegations. Transamerica denies that class certification is appropriate in this case or that the proposed class is entitled to the relief sought.

68.     Responding to Paragraph 68, Transamerica admits that Plaintiff makes class allegations. Transamerica denies that class certification is appropriate in this case or that the proposed class is entitled to the relief sought.

69.     Transamerica denies the allegations in Paragraph 69.

70.     Transamerica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and therefore, denies the same.

71.     The allegations in Paragraph 71 call for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

72.     The allegations in Paragraph 72 call for legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

73.     Transamerica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and therefore, denies the same.

74.     Transamerica denies the allegations in Paragraph 74.

75.     Responding to Paragraph 75, Transamerica admits the Complaint purports to seek injunctive relief and money damages.  Further responding to Paragraph 75, Transamerica denies that Plaintiff or the putative class are entitled to any relief.

76.     Transamerica denies the allegations in Paragraph 76.

77.     Transamerica denies the allegations in Paragraph 77.

78.     Transamerica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78, and therefore, denies the same.

79.     Transamerica denies the allegations in Paragraph 79.

80.     Transamerica denies the allegations in Paragraph 80.

81.     Transamerica denies the allegations in Paragraph 81.

**<u>FIRST CAUSE OF ACTION</u>**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

82.     Transamerica repeats and realleges each of the foregoing paragraphs of this Answer as if fully set forth herein.

9

83.    Transamerica denies the allegations in Paragraph 83 insofar as they are directed to Transamerica.  To the extent the allegations in Paragraph 83 are directed to Leads Guru, LLC or other persons or entities, Transamerica lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore, denies the same.

84.    Transamerica denies the allegations in Paragraph 84 insofar as they are directed to Transamerica.  To the extent the allegations in Paragraph 84 are directed to Leads Guru, LLC or other persons or entities, Transamerica lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore, denies the same.

85.    Transamerica denies the allegations in Paragraph 85 insofar as they are directed to Transamerica.  To the extent the allegations in Paragraph 85 are directed to Leads Guru, LLC or other persons or entities, Transamerica lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore, denies the same.

86.    Transamerica denies the allegations in Paragraph 86 insofar as they are directed to Transamerica.  To the extent the allegations in Paragraph 86 are directed to Leads Guru, LLC or other persons or entities, Transamerica lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore, denies the same.

**PRAYER FOR RELIEF**

In response to Plaintiff's "Prayer for Relief," Transamerica denies that Plaintiff is entitled to any of the requested forms of relief.  Transamerica further denies that this action is eligible for certification as a class action.  Each and every allegation in Plaintiff's Complaint which is not specifically and unequivocally admitted is denied.

## AFFIRMATIVE DEFENSES

1.      Plaintiff, individually and on behalf of any class, has failed to state a claim upon which relief can be granted.

2.      The Court lacks personal jurisdiction over Transamerica, and, therefore, the claims against Transamerica should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

3.      Plaintiff, individually and on behalf of any class, lacks standing to assert her claims.

4.      Plaintiff's causes of action, whether asserted individually or on behalf of any class, are barred in whole or in part, by Plaintiff's requisite permission or consent to be contacted under the TCPA by engaging in acts which demonstrated her consent.

5.      The claims of Plaintiff and members of the putative classes are barred, in whole or in part, because they suffered no legally cognizable injury.

6.      Plaintiff's claims, whether asserted individually or on behalf of any class, are barred by the doctrines of estoppel, waiver, and unclean hands.

7.      Plaintiff's claims, whether asserted individually or on behalf of any class, are barred by the defense of disclosure and consent.

8.      The claims of the Plaintiff and members of the putative class fail because they cannot meet their burden of proving that a telephone number belonging to a residential telephone subscriber was called.

9.      Transamerica would show that Plaintiff made fraudulent and misleading statements resulting in the issuance of a life insurance policy when she never had any intention of acquiring and maintaining a life insurance policy from Transamerica.  These facts prevent Plaintiff from

establishing liability against Transamerica or being awarded any relief, monetary or injunctive, against Transamerica.

10.     Transamerica incorporates by reference herein all provisions set forth within 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 (including prior versions of this statute and regulation) and relies herein on any safe harbor provisions, exemptions, exceptions, limitations, conditions, or other defenses that may be set forth therein.

11.     Transamerica pleads the applicability of the exceptions to liability set forth in 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

12.     Plaintiff cannot maintain this action as a class action under the Federal Rules of Civil Procedure.  Among other things, Transamerica expressly denies that the identities of the putative class members are ascertainable, that there are common questions of law and fact, that such questions predominate over individual issues, that the Plaintiff's claims are typical, and/or that individualized issues can be adjudicated on a class-wide basis, and that the Plaintiff is an adequate class representative.  The Plaintiff has the burden of establishing these requirements for litigating on a class-wide basis but is unable to meet this burden.

13.     Plaintiff cannot maintain this action as a class action under Rule 23 of the Federal Rules of Civil Procedure because a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy.

14.     The claims of Plaintiff and the proposed class are barred, in whole or in part, to the extent Plaintiff and members of the proposed class failed to mitigate their damages, and as a result, any judgment for Plaintiff must be reduced by any portion of damages which could have been avoided had appropriate steps been taken.

15.    Plaintiff and the proposed class fail to state a plausible claim upon which relief can be granted under any theory of action under the TCPA because Transamerica did not send or initiate sending the alleged telephone calls to Plaintiff or members of the proposed class.

16.    The claims of Plaintiff and the proposed class are barred, in whole or in part, because the telephone calls allegedly made were not telephone solicitations, unsolicited advertisements, or telemarketing calls within the meaning of the TCPA.

17.    Plaintiff and the proposed class members' damages, if any, and none being admitted, were not caused by Transamerica, but by another person or entity, for whom Transamerica is not responsible and over whose activities Transamerica exercises no control and/or has no right to control.

18.    The Complaint fails to state a plausible claim for any liability under any theory of vicarious liability. Transamerica does not have direct liability under the TCPA or applicable regulations, nor can it have vicarious liability under the TCPA or regulations based on any agency theory or theory of ratification. Neither the Plaintiff nor the putative class members can meet their burden of establishing that Transamerica has either direct liability or vicarious liability in this case when it did not control the manner and means by which the alleged telephone calls were made and did not knowingly accept any benefits or otherwise ratify any alleged improper conduct.

19.    Plaintiff and the proposed class members' claims are barred because the imposition on Defendants of statutory damages and/or exemplary/punitive damages under the TCPA would violate the Due Process provisions of both the United States Constitution and the Texas Constitution.

20.    Plaintiff and the proposed class members' claims are barred by Transamerica's compliance with all applicable state, federal and local laws and regulations.

13

21.     Plaintiff and the proposed class members' claims may be barred because the TCPA, within the context of a class action, is violative of Defendants' constitutional rights under the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

22.     Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions.

23.     Plaintiff and the proposed class members' claims are barred for failure to join indispensable parties.

24.     Transamerica has not willingly or knowingly violated any provision, subsection, or regulation under the TCPA, and therefore, Plaintiff is not entitled to treble damages.

25.     Any damages sustained by Plaintiff or members of any putative class must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than Transamerica, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

<u>**RESERVATION OF RIGHTS**</u>

Transamerica states that, following completion of discovery and investigation into this matter, additional defenses may become available.  Transamerica reserves the right to assert additional defenses that may be discovered in the course of these proceedings. Transamerica further reserves the right to assert additional defenses, counterclaims, and claims for set-off regarding the claims of absent class members in the event that this action is certified for class treatment.

WHEREFORE, having fully responded to the Complaint of the Plaintiff, Transamerica Life Insurance Company denies that the Plaintiff is entitled to any of the relief requested, denies

that the Plaintiff is entitled to certification of any class, and prays that the Complaint be dismissed,

with prejudice, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Cary Slobin*

**CARY SLOBIN**
State Bar No. 00797445
cary.slobin@nelsonmullins.com
**KATHERINE (KATE) FREEMAN**
State Bar No. 24109889
kate.freeman@nelsonmullins.com

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**
5830 Granite Parkway, Suite 1000
Plano, TX  75024
Telephone: 469.484.6100
Facsimile: 469.828.7217

**ATTORNEYS FOR DEFENDANT
TRANSAMERICA LIFE INSURANCE
COMPANY**

CERTIFICATE OF SERVICE

On April 18, 2024, I electronically submitted the foregoing document with the clerk of
the court for the U. S. District Court, Northern District of Texas, using the electronic case filing
system of the court. I hereby certify that I have served all counsel of record electronically or by
another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Cary Slobin*

CARY SLOBIN