IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KELLY PINN, on behalf of herself and others similarly situated, | : | CIVIL ACTION FILE NO. 4:24-cv-266-P |
| Plaintiff, | : | |
| v. | : | |
| TRANSAMERICA LIFE INSURANCE COMPANY AND LEADS GURU LLC | : | |
| Defendant. | : | |

## REPORT REGARDING CONTENTS OF SCHEDULING ORDER

Pursuant to this Court's April 19, 2024 Order (ECF No. 11), the plaintiff Kelly Pinn and defendant Transamerica Life Insurance Company (together "the Parties") submit this Report Regarding Contents of Scheduling Order ("Joint Report").

**(1) A statement detailing the date on which the Scheduling Conference was held, the location of the Scheduling Conference, the names of the attorneys present, a statement regarding whether meaningful progress toward settlement was made, and—without disclosing settlement figures—a statement regarding the prospects of settlement;**

The Parties held the Scheduling Conference on May 6, 2024 at the law offices of Sharon Campbell, 3500 Oak Lawn Ave # 110, Dallas, TX 75219. Anthony Paronich, Andrew Perrong and Sharon Campbell attended for the Plaintiff and Cary Slobin and Larry Kristinik attended for the Defendant. Sharon Campbell and Cary Slobin attended the conference in person.  Defendant Leads Guru LLC has not yet been served with the Summons and Complaint as their address with the Secretary of State in California was not occupied, and, therefore, they did not participate in the Scheduling Conference.

The parties agree that they are both willing to discuss settlement but acknowledge that more information is needed before meaningful discussions can occur and before there can be an assessment as to the prospects of settlement.

**(2) A brief statement of the claims and defenses;**

The National Do Not Call Registry allows for the registration of telephone numbers to indicate a desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). Ms. Pinn alleges that she has never sought out or solicited information regarding Defendants' goods and services prior to receiving the telemarketing calls at issue, but despite that she claims that her telephone number was contacted by Leads Guru LLC with at least a dozen calls on behalf of Transamerica Life Insurance Company despite being on the Do Not Call List. As a result of the *en masse* nature of technology used to send the messages, the Plaintiff brings this action on behalf of herself and the following class pursuant to FEDERAL RULE OF CIVIL PROCEDURE 23:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Leads Guru or Transamerica, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

It is Transamerica's position that it did not initiate any telemarketing calls to the Plaintiff, nor did it contract with Defendant Leads Guru LLC or any other entity to make such calls on behalf of Transamerica. Transamerica can be liable only under a theory of vicarious liability. Transamerica denies any knowledge about the alleged telephone calls and further denies that any

theory of vicarious liability can be proven in this case. Transamerica contends that class certification in this action is inappropriate under FED. R. CIV. P. 23 because, *inter alia*, the class is not ascertainable, especially in the absence of a list of telephone numbers called, and because there are individual factual issues that predominate over common questions. With respect to ascertainability, it is Transamerica's position that, because it did not initiate the telephone calls, the absence of the appearance and participation by Defendant Leads Guru LLC (or other entity that may have made the alleged telephone calls) makes it is impossible to determine which phone numbers may have been called. Even when a list of numbers called is available, there are still issues with identifying putative class members.

**(3) A proposed time limit to amend pleadings and join parties;**

September 20, 2024.

**(4) A proposed time limit for dispositive motions (*e.g.*, summary judgment);**

The Plaintiff anticipates filing his motion for class certification by February 24, 2025. Transamerica anticipates filing a motion for summary judgment by February 25, 2025.

**(5) A proposed time limit for initial designation of experts and responsive designation of experts;**

The party bearing the burden of proof shall produce their expert reports by November 7, 2024.
The rebuttal, if any, should be produced by December 20, 2024.

**(6) A proposed time limit for objections to experts (*e.g.*,*Daubert* and similar motions);**

Filed by March 24, 2025.

**(7) A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit for completing factual and expert discovery, and a statement of whether discovery should be conducted in phases;**

The Plaintiff anticipates that discovery will be needed on the requisites of FED. R. CIV. P. 23 to support her anticipated motion for class certification as well as on the merits of Plaintiff's claim to prepare for trial, or to oppose any summary judgment motion the Defendant may file. Plaintiff intends to seek discovery from Defendants or any identified third parties pertaining to (1) ESI regarding the alleged calls at issue in this case and any purported leads related thereto; (2) requests from individuals, like the Plaintiff, who requested that they no longer receive telemarketing calls (3) email and other communications related to telemarketing and any relationship with a vendor that may have made calls for the Defendants; (4) ESI related to any purported consent to receive calls; (5) Defendants' policies and procedures concerning TCPA compliance; and (6) telemarketing complaints received by Defendants and its responses thereto.

Transamerica intends to seek discovery (1) to determine whether the Plaintiff consented to being called, (2) to establish the absence of evidence to show that telephone calls were made on behalf of Transamerica or that Transamerica had knowledge of the telephone calls, (3) to establish that there are individual fact issues that predominate over common questions, (4) to establish that the putative class is not ascertainable, (5) to determine whether the Plaintiff can establish all of the required elements of her claim, and (6) to determine whether the Plaintiff is an adequate class representative.

The parties anticipate that factual and expert discovery should be completed by January 25, 2025.  At this time, the parties do not see a need for conducting discovery in phases.

**(8) A statement on whether any limitations on discovery need to be imposed, and if so, what limitations;**

At this time, the parties do not anticipate needing any special limitations on discovery.

**(9) A statement on how to disclose and conduct discovery on electronically stored information ("ESI") and any statement on disputes over disclosure and discovery of ESI;**

While the Parties believe that most of the documents likely to be sought in this case will be maintained in electronic format, they do not at this time anticipate that discoverable information will be in a format that will be particularly difficult to obtain. Plaintiff has requested that calling records be produced in .csv or .txt form and all other documents be produced in .pdf format. The parties are continuing to evaluate ESI and will submit a proposed ESI Order if necessary.

**(10) Any proposals regarding handling and protection of privileged or trial-preparation material that should be reflected in a Court Order;**

None at this time.

**(11) A proposed trial date, the estimated number of days for trial, and whether a jury has been demanded;**

This matter will be ready for trial in July of 2025. The parties estimate that five days will be needed for trial and a jury trial has been demanded. The proposed time for trial is approximately 16 months after the date the case was filed. Pursuant to footnote 1 of the Court's Order, the parties state that more than 14 months from the date of the filing of the case is needed for the preparation of the case for trial because the Plaintiff seeks to certify a class and resolve the claims on a class-wide basis.

**(12) A proposed mediation deadline;**

The parties shall mediate by January 25, 2025.

**(13) A statement as to when and how disclosures under Fed. R. Civ. P. 26(1) were made or will be made;**

Rule 26(a)(1) disclosures should be made by May 20, 2024.

**(14) A statement as to whether the parties will consent to a trial (jury or bench) before a United States Magistrate Judge;**

The parties do not wish to consent to a trial before a United States Magistrate Judge.

**(15) Whether a conference with the Court is desired, and if so, a brief explanation why;**

The parties do not believe a conference with the Court is necessary at this time.

**(16) Any other proposals on scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial, and any other orders that should be entered by the Court under FED. R. CIV. P. 16(b), 16(c), and 26(c);**

The parties have agreed to the electronic service of discovery requests.

Plaintiff,
By her attorney

*s/ Anthony Paronich*
Anthony Paronich
**Paronich Law, P.C.**
350 Lincoln St, Suite 2400
Hingham, MA 02043
Phone: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com
*Pro Hac Vice*

Attorney for Plaintiffs

Respectfully submitted,

*/s/ Cary Slobin*
**CARY SLOBIN**
State Bar No. 00797445
cary.slobin@nelsonmullins.com
**KATHERINE (KATE) FREEMAN**
State Bar No. 24109889
kate.freeman@nelsonmullins.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
5830 Granite Parkway, Suite 1000
Plano, TX  75024
Telephone: 469.484.6100
Facsimile: 469.828.7217

**ATTORNEYS FOR DEFENDANT TRANSAMERICA LIFE INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

On this day May 9, 2024, the undersigned filed the foregoing on the Court's CM/ECF system.

*/s/ Anthony Paronich*
Anthony Paronich
