IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KELLY PINN, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:24-cv-00266-P |
| TRANSAMERICA LIFE INSURANCE COMPANY, NATHAN JOHNSON, and BANUELOS INSURANCE AGENCY LLC d/b/a LEADS GURU, | § § § § § § | |
| Defendants. | § § | |

**DEFENDANT NATHAN JOHNSON'S**
**ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Nathan Johnson ("Johnson" or "Defendant") files his Original Answer to the First Amended Class Action Complaint (the "Complaint") of Plaintiff Kelly Pinn ("Plaintiff"), individually and on behalf of all others similarly situated, and states:

**INTRODUCTION**

1. The allegations in Paragraph 1 of the Complaint contain legal conclusions and propositions of law to which no response is required. To the extent a response is required, Johnson admits that Congress enacted the Telephone Consumer Protection Act of 1991 (the "TCPA"), which speaks for itself.

2. With respect to the allegations in Paragraph 2 of the Complaint, Johnson states that they contain legal conclusions and propositions of law to which no response is required, states that the TCPA speaks for itself, and denies the remaining allegations therein.

1

3. With respect to the allegations in Paragraph 3 of the Complaint, Johnson admits that Plaintiff brought this action for alleged violations of the TCPA, and denies the remaining allegations therein.

4. Johnson denies the allegations in Paragraph 4 of the Complaint.

**PARTIES**

5. Johnson is without sufficient knowledge to admit or deny where Plaintiff resides and, therefore, denies the allegations in Paragraph 5 of the Complaint.

6. With respect to the allegations in Paragraph 6 of the Complaint, Johnson admits that Defendant Transamerica Life Insurance Company ("Transamerica") is an Iowa corporation and does business in Texas.

7. With respect to the allegations in Paragraph 7 of the Complaint, Johnson denies that he is a "Transamerica life insurance agent," states that he is an independent insurance agent, admits that, based on Plaintiff's representation that she wanted to secure a life insurance policy, offered to sell Plaintiff a policy underwritten by Transamerica, and denies the remaining allegations therein.

8. With respect to the allegations in Paragraph 8 of the Complaint, Johnson is without sufficient knowledge to admit or deny whether Defendant Banuelos Insurance Agency LLC does business as Leads Guru or has a principal place of business in California, and denies the remaining allegations therein.

**JURISDICTION AND VENUE**

9. With respect to the allegations in Paragraph 9 of the Complaint, Johnson admits this Court has federal-question subject matter jurisdiction arising from the TCPA.

10. With respect to the allegations in Paragraph 10 of the Complaint, Johnson states that the allegations contain legal conclusions and propositions of law to which no response is required, and denies the remaining allegations therein.

11. Johnson denies the allegations in Paragraph 11 of the Complaint, but admits that venue is proper in the United States District Court for the Northern District of Texas.

**FACTS**

12. With respect to the allegations in Paragraph 12 of the Complaint, Johnson admits the TCPA was enacted in 1991, and states that the TCPA and its legislative history speaks for itself.

13. With respect to the allegations in Paragraph 13 of the Complaint, Johnson states the TCPA speaks for itself.

14. With respect to the allegations in Paragraph 14 of the Complaint, Johnson states that the TCPA speaks for itself and denies the remaining allegations therein.

15. With respect to the allegations in Paragraph 15 of the Complaint, Johnson states that the TCPA speaks for itself and denies the remaining allegations therein.

16. With respect to the allegations in Paragraph 16 of the Complaint, Johnson states that the TCPA speaks for itself and denies the remaining allegations therein.

17. Johnson admits the allegations in Paragraph 17 of the Complaint.

18. Johnson is without sufficient knowledge or information to admit or deny the allegations in Paragraph 18 of the Complaint and, therefore, denies the same.

19. Johnson is without sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of the Complaint and, therefore, denies the same.

20. Johnson is without sufficient knowledge or information to admit or deny the allegations in Paragraph 20 of the Complaint and, therefore, denies the same.

21. Johnson is without sufficient knowledge or information to admit or deny the allegations in Paragraph 21 of the Complaint and, therefore, denies the same.

22. Johnson is without sufficient knowledge or information to admit or deny the allegations in Paragraph 22 of the Complaint and, therefore, denies the same.

23. Johnson is without sufficient knowledge or information to admit or deny the allegations in Paragraph 23 of the Complaint and, therefore, denies the same.

24. Johnson is without sufficient knowledge or information to admit or deny the allegations in Paragraph 24 of the Complaint and, therefore, denies the same.

25. Johnson is without sufficient knowledge or information to admit or deny the allegations in Paragraph 25 of the Complaint and, therefore, denies the same.

26. Johnson is without sufficient knowledge or information to admit or deny the allegations in Paragraph 26 of the Complaint and, therefore, denies the same.

27. With respect to the allegations in Paragraph 27 of the Complaint, Johnson states he is without sufficient knowledge or information to admit or deny alleged calls between Plaintiff and Leads Guru, Johnson received a call from Plaintiff on August 9, 2023 but Plaintiff used a fictitious name, and denies the remaining allegations therein.

28. Johnson is without sufficient knowledge or information to admit or deny the allegations in Paragraph 28 of the Complaint and, therefore, denies the same.

29. Johnson is without sufficient knowledge or information to admit or deny the allegations in Paragraph 29 of the Complaint and, therefore, denies the same.

30. With respect to the allegations in Paragraph 30 of the Complaint, Johnson admits that he received a call from Plaintiff on August 10, 2023, at 4:23pm ET, admits Plaintiff inquired about purchasing a life insurance policy, states that the audiotape version of the call speaks for itself, states that Plaintiff provided Johnson with consent to call her at her phone number, and denies the remaining allegations therein.

31. With respect to the allegations in Paragraph 31 of the Complaint, Johnson admits that Plaintiff requested a life insurance policy and, accordingly, an e-mail was sent to her, states the e-mail, its contents and the links therein speak for themselves, and denies the remaining allegations therein.

32. The allegations in Paragraph 32 of the Complaint are not directed at Johnson and he is therefore without sufficient information to admit or deny the allegations, admits that Johnson remains an independent insurance agent appointed by Transamerica to be an insurance producer, and denies the remaining allegations therein.

33. With respect to the allegations in Paragraph 33 of the Complaint, Johnson admits he is not registered as a telephone solicitor with the Texas Secretary of State, and states he is without sufficient information or knowledge to admit the remainder of the allegations, and therefore denies the same.

34. Johnson is without sufficient knowledge or information to admit or deny the allegations in Paragraph 34 of the Complaint, and therefore denies the same.

35. Johnson is without sufficient knowledge or information to admit or deny the allegations in Paragraph 35 of the Complaint, and therefore denies the same.

36. Johnson is without sufficient knowledge or information to admit or deny the allegations in Paragraph 36 of the Complaint, and therefore denies the same.

37. Johnson is without sufficient knowledge or information to admit or deny the allegations in Paragraph 37 of the Complaint, and therefore denies the same.

38. Johnson is without sufficient knowledge or information to admit or deny the allegations in Paragraph 38 of the Complaint, and therefore denies the same.

39. Johnson is without sufficient knowledge or information to admit or deny the allegations in Paragraph 39 of the Complaint, and therefore denies the same.

40. With respect to the allegations in Paragraph 40 of the Complaint, Johnson states that the allegations contain legal conclusions and propositions of law to which no response is required, misstates the law, and denies the remaining allegations therein.

41. With respect to the allegations in Paragraph 41 of the Complaint, Johnson states that the allegations contain legal conclusions and propositions of law to which no response is required, misstates the law, and denies the remaining allegations therein.

42. With respect to the allegations in Paragraph 42 of the Complaint, Johnson states that the allegations contain legal conclusions and propositions of law to which no response is required, misstates the law, and denies the remaining allegations therein.

43. With respect to the allegations in Paragraph 43 of the Complaint, Johnson states that the allegations contain legal conclusions and propositions of law to which no response is required, misstates the law, and denies the remaining allegations therein.

44. Johnson denies the allegations in Paragraph 44 of the Complaint.

45. With respect to the allegations in Paragraph 45 of the Complaint, Johnson states that the allegations contain legal conclusions and propositions of law to which no response is required, and denies the remaining allegations therein.

46. Johnson is without sufficient knowledge or information to admit or deny the allegations in Paragraph 46 of the Complaint, and therefore denies the same.

47. Johnson is without sufficient knowledge or information to admit or deny the allegations in Paragraph 47 of the Complaint, and therefore denies the same.

48. Johnson denies the allegations in Paragraph 48 of the Complaint.

49. Johnson denies the allegations in Paragraph 49 of the Complaint.

50. Johnson denies the allegations in Paragraph 50 of the Complaint.

51. Johnson denies the allegations in Paragraph 51 of the Complaint.

52. Johnson denies the allegations in Paragraph 52 of the Complaint.

53. Johnson denies the allegations in Paragraph 53 of the Complaint.

54. Johnson denies the allegations in Paragraph 54 of the Complaint.

55. Johnson denies the allegations in Paragraph 55 of the Complaint.

56. Johnson denies the allegations in Paragraph 56 of the Complaint.

57. Johnson denies the allegations in Paragraph 57 of the Complaint.

58. Johnson denies the allegations in Paragraph 58 of the Complaint.

59. With respect to the allegations in Paragraph 59 of the Complaint, Johnson states he is without sufficient information or knowledge to admit or deny the content of conversations between Plaintiff and Leads Guru, if any, and denies the remaining allegations.

60. With respect to the allegations in Paragraph 60 of the Complaint, Johnson states that, with respect to his relationship with Transamerica, the allegations are irrelevant, states that Transamerica did not have a relationship with Leads Guru, and denies the remaining allegations therein.

61. With respect to the allegations in Paragraph 61 of the Complaint, Johnson states that, with respect to his relationship with Transamerica, the allegations are irrelevant, states that he remains an independent insurance agent appointed by Transamerica to be an insurance producer, Transamerica did not have a relationship with Leads Guru, and denies the remaining allegations therein.

62. Johnson denies the allegations in Paragraph 62 of the Complaint.

63. The allegations in Paragraph 63 of the Complaint are directed at Transamerica for which no response is required. To the extent a response is required, Johnson denies the allegations.

64. The allegations in Paragraph 64 of the Complaint are directed at Transamerica for which no response is required. To the extent a response is required, Johnson denies the allegations.

65. The allegations in Paragraph 65 of the Complaint are directed at Transamerica for which no response is required. To the extent a response is required, Johnson denies the allegations.

66. Johnson denies the allegations in Paragraph 66 of the Complaint.

67. The allegations in Paragraph 67 of the Complaint are directed at Transamerica for which no response is required. To the extent a response is required, Johnson denies the allegations.

68. The allegations in Paragraph 68 of the Complaint are directed at Transamerica for which no response is required. To the extent a response is required, Johnson denies the allegations.

69. The allegations in Paragraph 69 of the Complaint are directed at Transamerica for which no response is required. To the extent a response is required, Johnson denies the allegations.

70. With respect to the allegations in Paragraph 70 of the Complaint, Johnson states that the allegations contain legal conclusions and propositions of law to which no response is required, misstates the law, and denies the remaining allegations therein.

71. Johnson denies the allegations in Paragraph 71 of the Complaint.

72. With respect to the allegations in Paragraph 72 of the Complaint, to the extent they are directed at Johnson, denied. Johnson is without sufficient information or knowledge to admit or deny the allegations to the extent they pertain to telephone calls to which he was not a party.

73. With respect to the allegations in Paragraph 73 of the Complaint, to the extent they are directed at Johnson, denied. Johnson is without sufficient information or knowledge to admit or deny the allegations to the extent they pertain to telephone calls to which he was not a party.

74. With respect to the allegations in Paragraph 74 of the Complaint, to the extent they are directed at Johnson, denied. Johnson is without sufficient information or knowledge to admit or deny the allegations to the extent they pertain to telephone calls to which he was not a party.

75. Johnson denies the allegations in Paragraph 75 of the Complaint.

## CLASS ACTION ALLEGATIONS

76. With respect to the allegations in Paragraph 76 of the Complaint, Johnson denies that class certification is appropriate in this case or that the proposed class is entitled to the relief sought.

77. With respect to the allegations in Paragraph 77 of the Complaint, Johnson denies that class certification is appropriate in this case or that the proposed class is entitled to the relief sought.

78. Johnson denies the allegations in Paragraph 78 of the Complaint.

79. Johnson is without sufficient knowledge or information to admit or deny the allegations in Paragraph 79 of the Complaint, and therefore denies the same.

80. Johnson denies the allegations in Paragraph 80 of the Complaint.

81. Johnson denies the allegations in Paragraph 81 of the Complaint.

82. Johnson denies the allegations in Paragraph 82 of the Complaint.

83. Johnson denies the allegations in Paragraph 83 of the Complaint.

84. With respect to the allegations in Paragraph 84 of the Complaint, Johnson admits Plaintiff is seeking injunctive relief and money damages, but denies Plaintiff and/or the proposed class is entitled to such relief.

85. Johnson denies the allegations in Paragraph 85 of the Complaint and its subparts.

86. Johnson denies the allegations in Paragraph 86 of the Complaint.

87. Johnson denies the allegations in Paragraph 87 of the Complaint.

88. Johnson denies the allegations in Paragraph 88 of the Complaint.

89. Johnson denies the allegations in Paragraph 89 of the Complaint.

90. Johnson denies the allegations in Paragraph 90 of the Complaint.

91. With respect to Paragraph 91 of the Complaint, Johnson repeats and realleges each of the foregoing responses of this Answer as if fully set forth herein.

92. With respect to the allegations in Paragraph 92 of the Complaint, Johnson denies the allegations to the extent they are directed at Johnson. To the extent that they are directed at other Defendants, Johnson is without sufficient information or knowledge to admit or deny the allegations, and therefore, denies the same.

93. With respect to the allegations in Paragraph 93 of the Complaint, Johnson denies the allegations to the extent they are directed at Johnson. To the extent that they are directed at other Defendants, Johnson is without sufficient information or knowledge to admit or deny the allegations, and therefore, denies the same.

94. With respect to the allegations in Paragraph 94 of the Complaint, Johnson denies the allegations to the extent they are directed at Johnson. To the extent that they are directed at

other Defendants, Johnson is without sufficient information or knowledge to admit or deny the allegations, and therefore, denies the same.

95. With respect to the allegations in Paragraph 95 of the Complaint, Johnson denies the allegations to the extent they are directed at Johnson. To the extent that they are directed at other Defendants, Johnson is without sufficient information or knowledge to admit or deny the allegations, and therefore, denies the same.

## PRAYER FOR RELIEF

96. With respect to Plaintiff's Prayer for Relief, Johnson denies that Plaintiff and/or the proposed class is entitled to any of the requested relief. Johnson further denies that class certification would be appropriate in this case. Finally, to the extent each and every allegation in the Complaint was not explicitly admitted, then it is denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff, individually and on behalf of any purported class, has failed to state a claim upon which relief can be granted.

2. Plaintiff, individually and on behalf of any class, lacks standing to assert her claims.

3. Plaintiff's causes of action, whether asserted individually or on behalf of any class, are barred in whole or in part, by Plaintiff's requisite permission or consent to be contacted under the TCPA by engaging in acts which demonstrated or explicitly set forth her consent.

4. Plaintiff's claims, whether asserted individually or on behalf of a purported class, are barred because they suffered no legally cognizable injury.

5. Plaintiff's claims, whether asserted individually or on behalf of a purported class, are barred by the doctrines of estoppel, waiver, and unclean hands.

6. Plaintiff's claims, whether asserted individually or on behalf of a purported class, are barred by the defense of disclosure and consent.

7. The claims of Plaintiff and members of the putative class fail because they cannot meet their burden of proving that a telephone number belonging to a residential telephone subscriber was called and/or answered.

8. Plaintiff's claims are barred by her fraud.

9. Plaintiff's claims are barred by all safe harbor provisions, exemptions, exceptions, limitations, conditions, or other defenses set forth in the TCPA and its applicable regulatory dictates and interpretations.

10. Johnson pleads the applicability of the exceptions to liability set forth in 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

11. Johnson pleads that some or all of the alleged telephone calls to Plaintiff or members of the putative class do not qualify as telephone solicitations as defined under 47 C.F.R § 64.1200(f)(15) as they either constitute a call with the recipient's prior express invitation or permission or they constitute a call to a person with whom the caller has an established business relationship.

12. Plaintiff cannot maintain this action as a class action under the Federal Rules of Civil Procedure. Among other reasons, Johnson denies that the identities of the putative class members are ascertainable, that there are common questions of law and fact, that such questions predominate over individual issues, that the Plaintiff's claims are typical, and/or that individualized issues can be adjudicated on a class-wide basis, and that the Plaintiff is an adequate class representative. The Plaintiff has the burden of establishing these requirements for litigating on a class-wide basis but is unable to meet these burdens.

13. Plaintiff cannot maintain this action as a class action under Rule 23 of the Federal Rules of Civil Procedure because a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy.

14. The claims of Plaintiff and the putative class are barred, in whole or in part, because Plaintiff and the putative class members failed to mitigate all or some of their alleged damages.

15. Plaintiff and the proposed class fail to state a plausible claim upon which relief can be granted under any theory of action under the TCPA because Johnson did not send or cause to be sent the alleged telephone calls to Plaintiff or members of the putative class.

16. Plaintiff's and the proposed class members' damages, if any, were not caused by Johnson, but by another person or entity, for whom Johnson is not responsible and over whose activities Johnson exercised no control and had no right to control.

17. The Complaint fails to state a plausible claim for any theory of vicarious liability. Johnson does not have any direct liability under the TCPA, nor can he have vicarious liability under the TCPA based on any theory of agency or ratification. Neither the Plaintiff nor the putative class members can meet their burden of establishing that Johnson has either direct liability or vicarious liability in this case because he did not control the manner, method, or means by which the alleged telephone calls were made and did not knowingly accept any benefits or otherwise ratify any alleged improper conduct.

18. Plaintiff's and the proposed class members' claims are barred because the imposition on Johnson of statutory and or exemplary/punitive damages under the TCPA would violate the Due Process provisions of both the United States Constitution and the Texas Constitution.

19. Plaintiff's and the proposed class members' claims are barred because the TCPA, within the context of a class action, is violative of Johnson's constitutional rights under the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

20. Plaintiff's and the proposed class members' claims are barred for failure to join indispensable parties.

21. Johnson has not willingly or knowingly violated any provision, subsection, or regulation under the TCPA, and therefore, Johnson is not subject to treble damages.

22. In the alternative, any damages sustained by Plaintiff or members of a putative class must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than Johnson, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

## RESERVATION OF RIGHTS

Johnson states that, following the completion of discovery and investigation into this matter, additional defenses may become available. Johnson reserves the right to assert additional defenses that may be discovered in the course of this or other proceedings. Johnson further reserves the right to assert additional defenses, counterclaims, and claims for set-off regarding the claims of absent class members in the event that this action is certified for a class action.

Therefore, Johnson denies that Plaintiff or any putative class is entitled to any of the relief requested, denies that Plaintiff is entitled to certification of any class, and prays that the Complaint be dismissed, with prejudice, Plaintiff take nothing by reason of her suit, Johnson be awarded his costs incurred herein, and for such other and further relief as the Court may deem just and proper.

Dated: October 17, 2024          Respectfully submitted,

         By: */s/ Andrew P. Speicher*
             Bill E. Davidoff
             Texas Bar No. 00790565
             bill.davidoff@figdav.com
             Andrew P. Speicher
             Texas Bar No. 24027878
             drew.speicher@figdav.com

**FIGARI + DAVENPORT LLP**
901 Main St., Suite 3400
Dallas, TX 75202
Tel: 214.939.2000
Fax: 214.939.2090

ATTORNEYS FOR DEFENDANT
NATHAN JOHNSON

## CERTIFICATE OF SERVICE

      I hereby certify that on October 17, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties who have appeared and registered with CM/ECF.

         */s/ Andrew P. Speicher*
         Andrew P. Speicher