IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **KELLY PINN** § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-266-P |
| § | |
| **TRANSAMERICA LIFE INSURANCE** § | |
| **COMPANY, ET AL.** | |

## ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL TRANSAMERICA LIFE INSURANCE COMPANY TO PROVIDE DISCOVERY RESPONSES

Pending before the Court is Plaintiff Kelly Pinn's Motion to Compel TransAmerica Life Insurance company to Provide Discovery Responses [doc. 30] ("Motion to Compel"), filed October 24, 2024. After carefully considering this matter, the Court finds that the parties should be given a final opportunity to resolve this motion without Court intervention.

In this regard, the parties are directed to the per curiam opinion in *Dondi Properties Corp. v. Commerce Savings & Loan Assoc.*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc). That opinion sets forth standards of conduct for counsel and pro-se parties to follow throughout litigation. Particularly relevant here are the standards for conduct during discovery. "[Parties] should make reasonable efforts to conduct all discovery by agreement." *Id*. at 293. **The Court cautions the parties that it does not take discovery disputes lightly, and, if a final resolution by the Court is necessary, sanctions will be imposed upon any party conducting or opposing discovery unreasonably, in bad faith, or otherwise not in compliance with the rules or *Dondi*.** The Court also strongly suggests that all parties read *Heller v. City of Dallas*, 303 F.R.D. 466 (N.D. Tex. 2014), prior to attempting to resolve this motion without Court intervention and be aware that this Court will follow the guidance set forth therein in ruling on any discovery motions filed by the parties.

Based on the foregoing, it is **ORDERED** that the parties shall confer and make a good-faith effort to resolve Plaintiff's Motion to Compel by **November 11, 2024**.

Further, it is **ORDERED** that, if the parties are able to completely resolve this discovery dispute, Plaintiff shall notify the Court in writing as soon as possible, but not later than **November 12, 2024**, that the motion should be rendered moot.

Further, it is **ORDERED** that, if the parties are able to resolve part, but not all of their discovery dispute, Plaintiff shall file an amended motion as to the remaining disputed matters only no later than **November 15, 2024**.[1]

Further, it is **ORDERED** that Defendant's response to any motion, original or amended, shall be filed no later than **November 21, 2024**. Plaintiff's reply, if any, shall be due **no later than November 26, 2024.**

SIGNED October 28, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv

---

[1] The parties are reminded that, according to Judge Cureton's Judge Specific Requirements, a judge's copy of any appendix or filing more than 50 pages in length is required to be submitted to his chambers, which would include a copy of Defendant's Appendix in Support of Motion to Compel [doc. 17] if an amended motion (and appendix) is not filed pursuant to this order.