IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| KELLY PINN, Individually and on behalf of all other similarly situated § § <br>    Plaintiff, § <br> § <br> v. § <br> § <br> TRANSAMERICA LIFE INSURANCE § <br> COMPANY, NATHAN JOHNSON, § <br> AND BANUELOS INSURANCE § <br> AGENCY LLC D/B/A LEADS GURU § <br>    Defendant. § | Civil Action No. 4:24-cv-266-P |

**DEFENDANT BANUELOS INSURANCE AGENCY LLC'S UNOPPOSED
MOTION FOR LEAVE TO RESPOND AND BRIEF IN SUPPORT**

Banuelos Insurance Agency LLC d/b/a Leads Guru[1] ("Banuelos" or "Defendant"), respectfully files this Unopposed Motion for Leave to Respond to Plaintiff's Lawsuit and moves this Court for leave to file a late response pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) (the "Motion"). In support of this Motion, Defendant would show this Court, as follows:

## I.   INTRODUCTION

Plaintiff Kelly Pinn ("Plaintiff") filed her lawsuit against Transamerica Life Insurance Company ("Transamerica") and Leads Guru LLC ("Leads Guru") on March 22, 2024, alleging she received illegal telemarketing calls in an attempt to sell her a life insurance policy. Plaintiff later amended her complaint to add in Nathan Johnson ("Johnson") and Banuelos Insurance Agency D/B/A Leads Guru, and also removed Leads Guru LLC by virtue of her amended filing.

In her lawsuit, Plaintiff alleges that she purchased a life insurance policy through Johnson in order to identify the caller making the allegedly illegal telemarketing calls. Plaintiff alleges that

---

[1] Banuelos Insurance Agency LLC ceased to exist in 2021. Mohammad W. Islam, doing business as Banuelos Insurance hereby makes this special appearance to seek leave from this Court to respond to Plaintiff's complaint. Banuelos intends to file a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), and (5), in order to contest service as well as this Court's exercise of jurisdiction over him and Banuelos Insurance.

1

at some point she was informed that Banuelos was hired to make these calls under the name Leads Guru. Plaintiff's allegations are incorrect, as neither Banuelos or the individual doing business as Banuelos Insurance has any affiliation with Leads Guru (or any party to this lawsuit), and did not make any phone calls to Plaintiff. Specifically, Banuelos does not sell life insurance at all, does not operate outside the State of California, and has no affiliation with any party to this lawsuit.

Further, Banuelos was out of the country tending to a critical illness his wife is currently suffering from when a receptionist at his office was improperly served with this lawsuit. Consequently, the deadline to respond passed before Banuelos could return or retain counsel. Following his return, Banuelos immediately took all necessary actions to retain counsel and respond to the lawsuit. Banuelos has valid arguments regarding personal jurisdiction as well as deficient service which should be heard by this Court prior to any party incurring additional expenses related to this lawsuit.

Accordingly, pursuant to Federal Rules of Civil Procedure 6(b)(1), Banuelos files this Unopposed Motion for Leave to Respond to Plaintiff's Lawsuit, and establishes that the failure to timely file said response resulted from excusable neglect, and good cause exists for his requested extension of time.

Notably, Plaintiff's counsel is unopposed to an extension of time for Banuelos to respond to Plaintiff's lawsuit. Plaintiff's counsel suggested the response date be set to December 12, as the existing parties are mediating the matter soon.

## II. STATEMENT OF FACTS

Plaintiff claims that the collective Defendants to this action placed unsolicited telemarketing calls to Plaintiff and others it proposes as a Class. (*See generally* Am. Compl.). Plaintiff claims she received approximately (12) phone calls from someone attempting to sell her

a life insurance policy. (Am. Compl. ¶¶ 23-24, ECF 16). Plaintiff alleges that during one of the calls, she spoke with Defendant Johnson "who attempted to sell the Plaintiff a Transamerica life insurance policy." (Am. Compl. ¶ 27, ECF 16). Indeed, Plaintiff alleges that on August 10, 2023, she actually purchased a life insurance policy. (Am. Compl. ¶ 30, ECF 16).

Plaintiff further alleges that she received Banuelos's name from Transamerica who stated "that Leads Guru acted through an individual named 'Mo' at Banuelos Insurance . . . ." (Am. Compl. ¶¶ 37-38, ECF 16). That information was falsely provided as Banuelos has no connection with Plaintiff, Transamerica, Leads Guru, or Johnson. (*See* Declaration of Mohammad Islam, attached as Exhibit A, ("Islam Decl.") ¶¶ 4-5, 9-11).

Importantly, Banuelos Insurance Agency LLC has been inactive since October 5, 2021. (*See* Islam Decl. ¶ 3). Since then, Mohammad W. Islam ("Mr. Islam") has operated the business as Mohammad W. Islam doing business as Banuelos Insurance. (*See* Islam Decl. ¶ 3).

Banuelos has never attempted to contact Plaintiff. (*See* Islam Decl. ¶¶ 4-5). Banuelos has never attempted to sell Plaintiff a life insurance policy, or any insurance policy. (*See* Islam Decl. ¶ 4-5). Banuelos does not sell life insurance policies. (*See* Islam Decl. ¶ 5). Banuelos only sells auto insurance, homeowners insurance, and commercial insurance. (*See* Islam Decl. ¶ 6). Additionally, Banuelos does not sell insurance outside the State of California. (*See* Islam Decl. ¶ 7). Indeed, no one affiliated with Banuelos is licensed or registered to sell insurance outside the State of California. (*See* Islam Decl. ¶¶ 7-8).

Banuelos is not affiliated with Leads Guru. (*See* Islam Decl. ¶ 9). Banuelos has never utilized Leads Guru. (*See* Islam Decl. ¶ 9). Banuelos similarly is not affiliated with Transamerica. (*See* Islam Decl. ¶ 10). Banuelos has never sold insurance on behalf of Transamerica. (*See* Islam Decl. ¶ 10). Finally, Banuelos is not affiliated with Johnson, and does not know Johnson. (*See*

3

Islam Decl. ¶ 11). Banuelos has never employed, contracted, or controlled anyone named Nathan Johnson. (*See* Islam Decl. ¶ 11).

Banuelos does not conduct any business in the State of Texas. (*See* Islam Decl. ¶ 12). Banuelos does not contact individuals in Texas for the purpose of attempting to sell them any insurance policies. (*See* Islam Decl. ¶ 12).

### III.  ARGUMENT AND AUTHORITIES

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). The determination of whether excusable neglect has been established "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). These circumstances include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv.*, 507 U.S. at 395; *see also L.A. Pub. Ins. Adjusters, Inc. v. Nelson,* 17 F.4th 521, 525 (5th Cir. 2021) (applying the *Pioneer* analysis on excusable neglect specifically to a Rule 6(b) motion.).

The applicable circumstances regarding excusable delay favor granting Banuelos leave to file a late response to Plaintiff's lawsuit. The first factor—the danger of prejudice to Plaintiff—operates in favor of granting this Motion. Indeed, **Plaintiff is unopposed to an extension of time** for Banuelos to respond to Plaintiff's Complaint, with the knowledge that Banuelos intends to file a Motion to Dismiss pursuant to FRCP 12(b)(2), 12(b)(4), and 12(b)(5). Plaintiff's counsel has

suggested a response date of December 12, so the existing case parties may mediate this matter prior to a response being filed by Banuelos.

Additionally, if this Court were to grant leave, Plaintiff would suffer no prejudice other than losing the opportunity to seek default judgment against an incorrect party. Conversely, Plaintiff would be on formal notice of an incorrect party to this lawsuit and be given the opportunity to diligently search for and join the correct party, rather than continuing to incur legal fees related to an improper party. Additionally, Plaintiff would be given the opportunity to cure any defects in service (if curable) as well as avoid wasting judicial resources pursuing a lawsuit against an entity which is inactive and over which this Court has no jurisdiction.

The second factor—the length of the delay and its potential impact on judicial proceedings—also favors Banuelos. Here, Banuelos's office received the lawsuit on September 6, 2024, a date which Banuelos's registered agent, Mr. Islam, was out of the country tending to his critically ill wife. (*See* Islam Decl. ¶¶ 15-17). If service were proper on September 6, 2024 (which Banuelos will contest), Banuelos' response would have been due by September 27, 2024. In an effort to bring forth the deficiencies in Plaintiff's Complaint and inform Plaintiff of Banuelos' position, Mr. Islam contacted Plaintiff's counsel on September 23, 2024, and received no response. (*See* Islam Decl. ¶ 18) Mr. Islam followed up with Plaintiff's counsel on September 26, 2024, and received no response. (*See* Islam Decl. ¶ 19).

On October 20, 2024, for the first time, Plaintiff's attorneys responded to Mr. Islam, informing him they "intend to file a request for entry of default." (*See* Islam Decl. ¶ 20). Mr. Islam immediately responded informing Plaintiff's counsel that he was overseas "attending to [his] critically ill wife" and that he would not return to the country until November 11, 2024. (*See* Islam Decl. ¶ 20). Mr. Islam further informed Plaintiff's counsel that he was trying to contact attorneys

in Texas, and even requested recommendations from Plaintiff's counsel (because Banuelos has no affiliation with Texas and therefore has no attorney contacts in Texas). (*See* Islam Decl. ¶ 20).

Mr. Islam sent another email to Plaintiff's counsel on November 5, 2024, again informing them that Plaintiff has sued an incorrect party. (*See* Islam Decl. ¶ 21). Plaintiff's counsel responded on November 6, 2024, threatening default and suggesting Mr. Islam hire an attorney. (*See* Islam Decl. ¶ 21). Mr. Islam immediately responded indicating that he has "emailed over 20 lawyers and no one seems to want to help" and again requested additional information from Plaintiff's counsel linking Banuelos to Plaintiff's allegations. (*See* Islam Decl. ¶ 21).

Finally, upon his return to the country, Mr. Islam was able to retain the undersigned counsel on November 18, 2024, to respond to Plaintiff's lawsuit. (*See* Islam Decl. ¶ 21). The undersigned promptly prepared the instant motions, and contacted Plaintiff's counsel seeking leave to file the same. **Plaintiff's counsel indicated they are unopposed to an extension of time to respond to the lawsuit through and including December 12, 2024**. Judicial efficiency and economy would best be served by allowing Banuelos to file its response to Plaintiff's lawsuit. This delay would only have a minimal impact on judicial proceedings as this lawsuit is still in its infancy, with Banuelos being added less than three (3) months ago. Additionally, it would allow the remaining parties to mediate the matter prior to Banuelos incurring costs to respond to the lawsuit.

The third factor asks the reasons for the delay and whether this delay was within the reasonable control of the party seeking to show excusable neglect. As stated above, Mr. Islam was out of the country tending to the illness of his wife from July 30, 2024 until November 11, 2024. (*See* Islam Decl. ¶¶ 15-17). She remains critically ill to this day, and much of Mr. Islam's time is spent as her caretaker, and seeking her admission to various medical facilities inside and outside of the country. (*See* Islam Decl. ¶ 23). During that time, this lawsuit was served on a receptionist

at Banuelos' office. (*See* Islam Decl. ¶ 16). And throughout the process, and prior to Banuelos' answer deadline, Mr. Islam remained in contact with Plaintiff's counsel informing them of his arguments and his current situation. (*See* Islam Decl. ¶¶ 18-21). Banuelos did not have notice of any facts forming the basis of this lawsuit before it was served, does not operate in Texas as alleged by Plaintiff, does not sell life insurance as alleged by Plaintiff, and thus could not have anticipated the need to receive and answer the lawsuit by the response deadline. However, throughout the process after being served with the lawsuit, Mr. Islam has, in good-faith, attempted to informally notify Plaintiff of his position and has attempted to locate Texas counsel to assist him. (*See* Islam Decl. ¶¶ 18-21).

Finally, as noted throughout this Motion, Banuelos acted in good faith. He did not simply ignore the lawsuit. Instead, he attempted to contact Plaintiff's counsel requesting their assistance. (*See* Islam Decl. ¶¶ 18-21). He also attempted to find Texas counsel to represent him while he was overseas dealing with his wife's debilitating illness. (*See* Islam Decl. ¶¶ 18-21). Unfortunately, Mr. Islam did not receive responses to his pleas for help prior to the undersigned accepting his case upon his return to the United States. (*See* Islam Decl. ¶ 22). Upon retention, Banuelos' counsel took all steps necessary to contact Plaintiff's counsel to request agreement to this Motion.

Banuelos, with Plaintiff unopposed, respectfully requests that this Court find that Banuelos' failure to timely respond to this lawsuit was a result of excusable neglect, that Banuelos acted in good faith upon receiving notice of the lawsuit, and allow him to file his response to Plaintiff's lawsuit (in the form of a Motion to Dismiss) on or before December 12, 2024.

## IV. CONCLUSION

For the reasons set forth in this Motion, and with Plaintiff unopposed, Defendant Banuelos Insurance Agency LLC respectfully requests this Court grant this Motion and enter an Order granting leave for Banuelos to respond to Plaintiff's lawsuit on or before December 12, 2024, and for such further relief as this Court may allow.

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Michael A. Harvey*
    **MICHAEL A. HARVEY**
    State Bar No. 24058352
    700 Milam Street, Suite 800
    Houston, Texas 77002
    Phone: (713) 222-4015
    Fax: (713) 222-5868
    mharvey@munsch.com

    ATTORNEY FOR DEFENDANT
    BANUELOS INSURANCE AGENCY LLC

**OF COUNSEL:**

**CLAIRE C. CARROLL**
State Bar No. 24092224
**MUNSCH HARDT KOPF & HARR, P.C.**
ccarroll@munsch.com
500 N. Akard Street, Suite 3800
Dallas, Texas 75201
(214) 855-7500 (telephone)
(214) 855-7584 (facsimile)

**EARL L. INGLE**
State Bar No. 24097234
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam Street, Suite 800
Houston, Texas 77002
Telephone: (713) 222-4075
eingle@munsch.com

## CERTIFICATE OF CONFERENCE

On November 19, 2024, I certify that I conferred with Andrew Perrong and Anthony Paronich, attorneys for Plaintiff, requesting the relief sought by this Motion. On November 19, Mr. Paronich informed Banuelos' counsel that Plaintiff is "amenable to a motion for extension of time" for Banuelos to respond to Plaintiff's lawsuit and suggested the response date be extended to December 12, 2024. Accordingly, counsel for Plaintiff is unopposed to the relief sought by this Motion.

/s/ Earl L. Ingle
Earl L. Ingle

## CERTIFICATE OF SERVICE

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, the undersigned counsel for the Defendant certifies that the foregoing document has been filed with the Court and served upon all known counsel of record via the Court's electronic case filing system and/or by email on November 19, 2024.

Andrew Poman Perrong
Perrong Law LLC
2657 Mount Carmel Ave
Glenside, Pennsylvania 19038
a@perronglaw.com

Anthony Paronich
Paronich Law Firm
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Anthony@paronichlaw.com

/s/ Michael A. Harvey
Michael A. Harvey

4873-7479-9041v.2